UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH B. WISE and TONI M. WISE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00668 AGF |
| ) | |
| AMERICAN STANDARD ) | |
| INSURANCE COMPANY OF ) | |
| WISCONSIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This diversity case involving underinsured motorist ("UIM") coverage is before the Court on the cross-motions for summary judgment filed by Plaintiffs Joseph Wise and Toni Wise, husband and wife, and by Defendant American Standard Insurance Company of Wisconsin ("American Standard"). For the reasons set forth below, the motion of Defendant shall be granted, and the motion of Plaintiffs shall be denied.

## BACKGROUND

### The Accident and Settlement

The record establishes the following: On March 19, 2008, Joseph Wise was involved in an automobile accident in Missouri, when a vehicle negligently driven by Charles Jackson collided with a 2006 Chrysler Town & Country driven by Joseph Wise. The collision occurred during the course of Jackson's employment with Macklin Hauling ("Macklin"). Plaintiffs' son, John Wise, was a passenger in the Town & Country at the

time of the collision. Both Joseph Wise and John Wise sustained significant injuries. Jackson and Macklin were insured by Empire Fire and Marine Insurance Company ("Empire"), which provided $1,000,000 of automobile liability coverage for Jackson and Macklin. Empire settled Plaintiffs' injury claims on behalf of its insured for the policy limit of $1,000,000. Plaintiffs and American Standard stipulate that Plaintiffs' damages are $1,500,000.

Both Plaintiffs were listed on the title as owners of the Town & Country. American Standard issued Plaintiffs an automobile liability policy covering this vehicle, as well as three additional automobile liability policies, each covering a different vehicle, and each providing for UIM coverage in the amount of $100,000. All four policies were issued in Illinois, and at all relevant times, Plaintiffs were residents of Illinois. All four policies were in full force and effect on March 19, 2008.

Following the settlement with Empire, Plaintiffs demanded UIM coverage from American Standard in the amount of $400,000, representing the combined UIM coverage in each of the four policies. American Standard refused the demand, and Plaintiffs filed this action for breach of contract, loss of consortium, and vexatious refusal to pay. American Standard removed the action to this Court based on diversity of citizenship.

**The American Standard Policies**

Each of the four policies issued to Plaintiffs provided for UIM coverage of up to $100,000 per person and $300,000 per accident. Each policy contained the following provision:

## PART VI - GENERAL PROVISIONS

\* \* \*

3. **Two or More Cars Insured**. The total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy. When this policy insures two or more cars, the coverages apply separately to each car.

And each policy included a UIM Endorsement, which provided, in relevant part, as follows:

> We will pay compensatory damages for bodily injury which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The bodily injury must be sustained by an insured person and must be caused by an accident and arise out of the use of the underinsured motor vehicle.
>
> \* \* \*
>
> **ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT ONLY**
>
> \* \* \*
>
> 3. Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the limits of liability of this Underinsured Motorists coverage.
>
> \* \* \*
>
> **LIMITS OF LIABILITY**
>
> \* \* \*
>
> We will pay no more than [the $100,000/$300,000] maximums no matter how many vehicles are described in the

declarations, or insured persons, claims, claimants, policies or vehicles are involved.

The limits of liability of this coverage will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance for loss caused by an accident with an underinsured motor vehicle

\* \* \*

**OTHER INSURANCE**

If there is other similar insurance on a loss covered by this endorsement, we will pay our share according to this policy's proportion of the total limits of all similar insurance. But, any insurance provided under this endorsement for an insured person while occupying a vehicle you do not own is excess over any other similar insurance.

**Arguments of the Parties**

Plaintiffs argue that Missouri law governs this dispute. They argue that under Missouri law, the policies are ambiguous, as the second sentence in the "Other Insurance" provision appears to provide UIM coverage, while the anti-stacking[1] and set-off provisions indicate that such coverage is not provided. Recognizing that this argument only avails them if the second sentence of the "Other Insurance" provision applies,

---

[1] Stacking is a term-of-art in insurance litigation and generally refers to an insured's ability to obtain multiple insurance coverage benefits for an injury from more than one policy, such as where the insured has two or more separate vehicles under separate policies. *Niswonger v. Farm Bureau Town & Country Ins. Co. of Mo.*, 992 S.W.2d 308, 313 (Mo. Ct. App. 1999).

Plaintiffs argue that this sentence is in turn ambiguous with respect to the term "a vehicle you do not own" as applied to co-owners of a vehicle. Essentially, Plaintiffs argue that because they were co-owners of the Town & Country, neither owned it. Thus, according to Plaintiffs, at the time of the accident, Joseph Wise was in a vehicle he did not own. Plaintiffs argue that these ambiguities must be resolved in their favor, precluding American Standard from denying them UIM coverage under the set-off provision and entitling them to stack the UIM coverage provided in their four insurance policies.

American Standard argues that Illinois law governs this dispute, but that they are entitled to summary judgment under either Illinois or Missouri law. American Standard first argues that Plaintiffs are not entitled to UIM coverage because the tortfeasor's vehicle does not fall within the definition of an "underinsured motor vehicle," as the torfeasor's liability limit was greater than the Plaintiffs' UIM limit, even with stacking the four policies. American Standard further argues that under the unambiguous policy language they are entitled to a set-off in the amount Plaintiffs received from Empire, and that Plaintiffs are prohibited from stacking the UIM coverage provided in their four insurance policies.

## DISCUSSION

**Summary Judgment Standard**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *First S. Ins. Co. v. Jim Lynch Enterps., Inc.*, 932 F.2d 717, 718 (8th Cir. 1991). The

moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *United Fire & Cas. Co. v. Gravette*, 182 F.3d 649, 654 (8th Cir. 1999). In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and that party must be given the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment is a proper method for determining whether a contract or insurance policy is ambiguous and how an unambiguous policy should be interpreted." *Mueller v. Farmers Ins. Co.,* No. 4:08CV02032 ERW, 2009 WL 3275529, at *2 (E.D. Mo. Oct. 13, 2009).

**Choice of Law**

This case hinges on whether American Standard's policy language is ambiguous. Missouri and Illinois law are virtually identical on whether an insurance contract is ambiguous. *See, e.g., Berutti v. State Farm Mut. Auto. Ins. Co.*, 682 N.E.2d 216, 218 (Ill. App. Ct. 1997) ("A clause in a policy is ambiguous if it is subject to more than one reasonable interpretation"); *Keck v. Am. Family Mut. Ins. Co.*, 299 S.W.3d 63, 66 (Mo. Ct. App. 2009) ("An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language used in the policy," or when two clauses are contradictory). Moreover, under both Missouri and Illinois law, ambiguous language must be construed in favor of the insured. *See, e.g., Am. States Ins. Co. v. Koloms*, 687 N.E.2d 72, 75 (Ill. 1997); *Keck*, 299 S.W.3d at 66.

The Court will determine whether the policies entitle Plaintiffs to stack the UIM coverages, with reference to Missouri law, as advocated by Plaintiffs. Missouri courts are guided by the general principle that "[i]nsurance contracts are designed to furnish protection; as a result, where possible, we will interpret them to grant coverage rather than defeat it." *Bowan ex rel. Bowan v. Gen. Sec. Indem. Co. of Ariz.*, 174 S.W.3d 1, 5 (Mo. Ct. App. 2005). Under Missouri law, a court may not "create an ambiguity in order to distort the language of an unambiguous policy." *DeMeo v. State Farm Mut. Auto. Ins. Co.*, 639 F.3d 413, 416 (8th Cir. 2011). "Absent an ambiguity, an insurance policy must be enforced according to its terms." *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007). Furthermore, "[c]ourts should not interpret policy provisions in isolation but rather evaluate policies as a whole." *Hartford Underwriters Ins. Co. v. Ledbetter*, ___S.W.3d ___, 2011 WL 2017724, at *4 (Mo. Ct. App. 2011) (citation omitted).

**UIM Coverage**

American Standard's UIM Coverage Endorsement clearly states that a vehicle will be considered underinsured when its liability coverage is less than the insured's UIM coverage. Here, the torfeasor's vehicle carried liability insurance of $1,000,000. Such amount is both greater than Plaintiffs' UIM coverage of $100,000 for each policy, and greater than the aggregate UIM coverage of all four policies, if Plaintiffs were permitted to stack them. Thus, the accident did not arise out of the use of an "underinsured motor vehicle."

While the definition of an underinsured motor vehicle indicates that UIM coverage

7

is not available, the Court "must read the policy as a whole because other provisions in the policy may create an ambiguity such that an ordinary person of average understanding might believe that the policy provides for UIM coverage over and above that furnished by other insurance." *Mueller*, 2009 WL 3275529, at *3 (citing *Goza v. Hartford Underwriters Ins. Co.*, 972 S.W.2d 371, 373-74 (Mo. Ct. App. 1998)). Missouri courts have noted that this type of ambiguity often arises in policies with "excess" or "Other Insurance" clauses such as those in the present case, that give the impression that "the underinsured coverage is excess over all other collectible insurance at the time of the accident." *Id.* (citing *Seeck*, 212 S.W.3d at 133).

The crux of Plaintiffs' argument is that the phrase "a vehicle you do not own" in the second sentence of the Other Insurance provision of the policies is ambiguous when applied to Plaintiffs, who co-owned the Town & Country. Plaintiffs contend that this ambiguity must be interpreted here in their favor to mean that Joseph Wise was in a vehicle not owned by him at the time of the accident and thus, covered by the second sentence of the Other Insurance provision. In situations where such a sentence does apply, Missouri courts have found that a reasonable person could interpret the language to provide UIM coverage in addition to any sum collected from the tortfeasor, and to permit stacking of UIM coverages in multiple policies, as each could be considered in excess to the other. *See, e.g., Ritchie v. Allied Property & Cas. Ins. Co.*, 307 S.W.3d 132, 138 (Mo. 2009)*; Am. Family Mut. Ins. Co. v. Ragsdale*, 213 S.W.3d 51, 55-56 (Mo. Ct. App. 2006).

It is true that any ambiguity as to whether Joseph Wise was in a non-owned vehicle when he was injured should be construed in Plaintiff's favor. *See Chamness v. Am. Family Mut. Ins. Co.*, 226 S.W.3d 199 (Mo. Ct. App. 2007). But here the Court concludes there is no such ambiguity. In *Lair v. American Family Mutual Insurance Co.*, 789 S.W.2d 30 (Mo. 1990), the Missouri Supreme Court held that the plaintiff who was injured in a motor vehicle accident owned the car in question and was, thus, excluded from uninsured motorist coverage under his parents' policies, which excluded any relative who "owns a car," where it was stipulated that the plaintiff owned the car "jointly with his father." *Id.* at 32.

Here it is undisputed that Joseph Wise and Toni Wise co-owned the Town & Country, and Plaintiffs provide no factual allegations that could give rise to the inference that Joseph did not own the vehicle. The conclusion is unescapable that the accident occurred while Joseph Wise was occupying a vehicle he owned. Accordingly, the second sentence of the Other Insurance provision does not apply to him, and the anti-stacking and set-off provisions in the policies are not rendered ambiguous as to Plaintiffs' claims. *See Niswonger*, 992 S.W.2d 308, 315 (Mo. Ct. App. 1999) (explaining that an ambiguity due to a conflict between an Other Insurance provision on the one hand and set-off and anti-stacking provisions on the other hand only arises in that special factual situation where the accident occurred while the insured was occupying a non-owned vehicle).

## **CONCLUSION**

In sum, the Court concludes that summary judgment in favor of American Standard and against Plaintiffs is proper because Plaintiffs are not entitled to recover UIM benefits under the unambiguous terms of the policies. The tortfeasor's vehicle is not an "underinsured motor vehicle" under the plain language of the policies, and the Limits of Liability provisions are not ambiguous.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. [Doc. #22]

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment is **DENIED**. [Doc. #31]

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2011